# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GARY W. HOLLOMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-189 |
| | ) |
| TERESA WHITE, ROLAND L. SHARPE, CHARLES P. ROSE, JR., MICHAEL T. MULDREW, | ) ) ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This is plaintiff Gary Holloman third 42 U.S.C. § 1983 complaint alleging that the above-captioned defendants conspired to imprison him. *See Holloman v. White*, No. CV409-050, doc. 1 at 5 (S.D. Ga. filed Mar. 16, 2009); *Holloman v. White*, No. MC496-097, doc. 2 (S.D.Ga. Oct. 31, 1996). In his last filing, Holloman sought damages and a public apology from the defendants while he was on parole. CV409-050, doc. 1 at 6. This Court dismissed his case because he was asserting, at bottom, a malicious prosecution claim, and such claims do not accrue until the underlying conviction is vacated. *Holloman v. White*, 2009 WL 3380473 at * 1 (S.D. Ga. Mar 23, 2009) (applying *Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994)).

Claiming that he is now *off* parole, Holloman sues again on the same claims. CV409-189, doc. 1; *see also id.* at 8 (State parole board letter: "Mr. Holloman completed his parole sentence and was discharged from parole on 3/19/2009.").[1] As this Court previously explained, however, that is simply not enough. *Holloman*, 2009 WL 3380473 at * 1. To serve on parole, after all, is merely to serve out one's sentence in another form.[2] So obtaining parole and completing it simply does not affect the

---

[1] The Court grants him leave to proceed in forma pauperis, doc. 2, as he is indigent. "Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *See Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S.Ct. 632 (2008)." *Walker v. Sun Trust Bank Of Thomasville, GA*, 2010 WL 165131 * 4 (11th Cir. Jan. 19, 2010). Thus, the Court will screen his complaint under § 1915(e)(2).

[2] As one encyclopedist explains:

> Parole is a conditional release from physical custody but is not a pardon or a reduction in sentence. Parole is possible only after criminal prosecution and imposition of a sentence. The purpose of parole is reformatory rather than punitive. Parole is intended as a means of restoring to society an offender who is a good social risk, and is a means of affording an offender an opportunity to reform under proper supervision. A further purpose is to facilitate an offender's reintegration into society by the time his or her sentence expire.

67A C.J.S. PARDON & PAROLE § 42 (*Definition, nature, and purpose*) (June 2009) (footnotes omitted).

conviction. *See* 59 Am. Jur. 2d Pardon and Parole § 118 (*Generally; underlying judgment and sentence*) (May 2009) ("Parole does not destroy the judgment against the prisoner or remit his or her guilt."); 67A C.J.S. Pardon & Parole § 61 (*Operation and effect*) (June 2009). Holloman must not return to this Court unless and until he can show that his conviction has been vacated (e.g., he files a habeas corpus action and a court vacates his conviction for lack of sufficient evidence, for a constitutional violation, etc.). Because Holloman has not alleged that his conviction has been set aside or invalidated, he may not proceed with a § 1983 claim against these defendants. Accordingly this case should be **DISMISSED** without prejudice. Meanwhile, his motion for "Marshall service" (doc. 3) is **DENIED**.

**SO REPORTED AND RECOMMENDED** this 25th day of January, 2010.

/s/ J.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA